# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHEN TAM M.D., | Case No. 2:20-cv-01213-JCM-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, et al., | |
| Defendants. | |

Presently before the Court is Defendants' Motion to Seal the Complaint (ECF No. 10), filed on August 7, 2020, and Motion to Seal the Motion to Dismiss (ECF No. 14), filed on August 14, 2020, and Motion to Seal the Reply to the Motion to Dismiss (ECF No. 23), filed on October 14, 2020.  Plaintiff filed Responses (ECF Nos. 18-20) on September 11, 2020 and Defendants filed Replies (ECF Nos. 21-22, and 25) on October 14, 2020.

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  Specifically, a party seeking to seal judicial records bears the burden of meeting the "compelling reasons" standard, as previously articulated in *Kamakana*.  447 F.3d 1172.  Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture."  *Ctr. for Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret."  *Ctr. for Auto Safety*, 809 F.3d at 1097.

1    Significantly, the fact that the Court has entered a stipulated protective order and that a
2    party has designated a document as confidential pursuant to that protective order does not,
3    standing alone, establish sufficient grounds to seal a filed document.  *See Foltz v. State Farm*
4    *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l*
5    *Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  The Court approved the protective order to facilitate
6    discovery exchanges, but there has been no showing, and the Court has not found, that any
7    specific documents are secret or confidential.  The parties have not provided specific facts
8    supported by declarations or concrete examples to establish that a protective order is required to
9    protect any specific trade secret or other confidential information pursuant to Rule 26(c) or that
10   disclosure would cause an identifiable and significant harm.  If the sole ground for a motion to
11   seal is that the opposing party has designated a document as confidential, the designator shall file
12   either (1) a declaration establishing sufficient justification for sealing each document at issue or
13   (2) a notice of withdrawal of the designation(s) and consent to unsealing.  If neither filing is
14   made, the Court may order the document(s) unsealed without further notice.

15   Defendants seek to seal the Complaint and have Plaintiff file a redacted version on the
16   public docket including: Paragraphs 48-52, 54, 79-81, 84-88, .93-103, 106-111, 114-117, 119-
17   124, 133, 168-169, 171, 174-176, 191-193, 198-200, 202, 209-211, and 3 of the prayer for relief
18   section on page 27.  They contend that the lower standard of good cause has been met as all
19   aspects of the Fair Hearing process that underlie this action are privileged under the review
20   committee privilege pursuant to NRS 49.117 to 49.123 and NRS 49.265.  As such, the records
21   and proceedings of any committee to which that privilege applies are privileged and must not be
22   disclosed to the public or the peer review proceedings privilege is destroyed.  The Court agrees
23   that all participants had the full expectation of confidentiality under Nevada statutory law and
24   Plaintiff was aware of such by executing the Stipulation and Agreement regarding confidentiality.
25   It finds that Plaintiff is not prejudiced by the sealing of the complaint and good cause has been
26   met to grant the Motion.

27   Defendants also seek to seal their Motion to Dismiss and Reply briefing.  Similarly, they
28   again argue that the peer review process is privileged and should be permitted to seal their

1  briefing.  Again, the Court finds that sealing is appropriate to protect this privilege, including
2  under the higher compelling reasons standard.  Plaintiff was served with the unredacted
3  documents and the Court finds no prejudice would occur upon keeping this briefing sealed.  As
4  such, it will grant Defendants' request.

5      IT IS THEREFORE ORDERED that Defendants' Motion to Seal the Complaint (ECF No.
6  10) is **granted**.

7      IT IS FURTHER ORDERED that the Clerk of the Court shall seal the unredacted
8  Complaint (ECF No. 1).

9      IT IS FURTHER ORDERED that Plaintiff shall file a redacted version of the Complaint
10 on the docket consistent with this Order.

11     IT IS FURTHER ORDERED that Defendants' Motion to Seal the Motion to Dismiss
12 (ECF No. 14) is **granted** and the Motion (ECF No. 15) shall remain under seal.

13     IT IS FURTHER ORDERED that Motion to Seal the Reply to the Motion to Dismiss
14 (ECF No. 23) is **granted** and the Reply (ECF No. 24) shall remain under seal.

15 DATED: October 19, 2020

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE